Good afternoon, Your Honors. May it please the Court. My name is Amy Martinez, and as you know, I'm a student at the Chapman University School of Law. My colleagues and I were appointed pro bono counsel appearing on behalf of the petitioners, Mr. and Mrs. Arellano and their daughter, Nayli Arellano. I am a certified law student under the direct supervision of our two professors, both of whom are admitted to appear before this Court. This Court should reverse, because the deportation order violates the fundamental rights guaranteed by the Constitution. The Supreme Court has repeatedly declared that parents have the fundamental right to direct the care, custody, and control of their children. This includes the ability to choose their education, the manner in which they are raised, and to promote family unity. Additionally, the Ninth Circuit has recognized that parents and children have a fundamental right to enjoy the companionship and society of each other. This includes the ability to maintain, cultivate, and mold ongoing family relationships within this family unit. If the Arellanos are deported and their U.S. citizen children choose to remain living in the United States, the government will essentially be severing the family. The parents will no longer be able to control the schooling, the health care, or the human development of their children. Has any court recognized the right you've just described? Yes, Your Honors. In several courts, the Supreme Court has recognized this right. In the context of a removal proceeding. Not in the context of a removal proceeding, Your Honor. However, several courts, including the Supreme Court, have recognized that the family has this right to family unity and to the sanctity of the family, and protecting that unity. Counsel, are you familiar with a Fifth Circuit case called U.S. v. Terrazas Carrasco? I'm not familiar with that case, Your Honor. There was a very brief comment in that case saying that a similar argument to the one that you're making here was so frivolous as not to require discussion, and unfortunately that gives us no reasoning to go on. But what's your best argument or your best case that supports your argument? We believe that in Moore v. City of East Cleveland, and additionally in the Franz case, which was a D.C. Circuit case, where the court found that there is a constitutional interest in the protection of the family, and there is a cognizable liberty interest in the right of the parents to protect the family from unwanted government intrusion, and the right to protect the unity and the sanctity of that family without – and the government cannot infringe on that without a compelling interest. Could that argument be used to prevent the execution of a prison sentence? In that case, Your Honor, we believe there would be more of a compelling interest in a criminal context for the government to take action. However, in this case, the government is stepping in and asking the family – basically is essentially asking the parents to make the decision whether or not to give up the custody of their children. The government is asking – Is there something in the record that demonstrates that they'd be unable to take their children with them? No, Your Honor. There's no – So if the family unity interest is paramount to these parents, they can keep the children with them. Yes, that is an option for them, and the record is not clear as to whether they would take the children with them or stay together. So the choice between unity and disunity of the family is still theirs. The choice would be theirs, but it's a false choice. It's the government is stepping in and forcing the family to make this choice. If it was up to the family, they would choose to stay here and to remain living together in the United States. But the government is the one forcing them to decide, do we give up the custody of our children, or do we take our children away from the only home that they've ever known? The family's been here since 1989, and without a compelling interest, it's a violation for the government to do that. What would be the policy implications of accepting your argument? Would it not encourage even more people to come here and quickly have a child and then say, King's X, you can no longer deport me? No, Your Honor. There's still other prongs under the cancellation of removal statute. For example, the 10-year prong and the good moral character prong. And even if families are allowed to stay, we believe there is a compelling interest in the government to say, you can stay here if you've been here 10 years. You can stay here if you haven't committed any of the felonies listed in the statute. However, those do not apply to this family, and therefore, there is a fundamental rights violation. I would like to now pass the time on to my colleague, Amy Oakton, to discuss the vagueness argument. Thank you. Thank you for your argument. Good afternoon, Your Honors. May it please the Court. This Court should reverse the decision of the BIA because the exceptional and extremely unusual hardship provision in 8 U.S.C. 1229B is unconstitutionally vague on its face and is applied to the Arellano family. First, the hardship provision provides no guidance for the I.J. or the BIA, rendering the statute unconstitutionally vague on its face. A law fails to meet the requirements of the due process clause if it is so vague and standardless that it leaves judges and jurors free to decide without any legally fixed standards what is prohibited and what is not. In this case, the I.J. and the BIA are free to decide without any legally fixed standards what constitutes exceptional and extremely unusual hardship and what does not. In Colander v. Lawson, a statute was held to be unconstitutionally vague on its face because the language, credible and reliable, encouraged arbitrary enforcement and because it did not describe with sufficient particularity what a party must do in order to satisfy the statute. The Board has developed standards for the application of extreme hardship, have they not? Yes, they have. In their own case law? They have developed some standards, but they've, or they say they've developed standards by looking at certain factors that every family presents to show hardship. However, they've so arbitrarily enforced these standards that it just shows that there's no legally fixed standards whatsoever and that it's vague. This particular claim was not presented to the BIA, was it? Yes, it was. It was? This argument? This argument, yes. No. No, it wasn't. Should we have jurisdiction over it? Yes, because it's a constitutional claim. And according to 8 U.S.C. 1252, this court has jurisdiction to review a constitutional claim. Even if they weren't preserved or argued below, isn't there an exhaustion requirement as even, we have jurisdiction in general over constitutional questions, but isn't there still an overlay of an exhaustion requirement? I don't think that the BIA had jurisdiction to review the constitutional vagueness claim. In Jellom v. Kepp, a statute was rendered unconstitutionally vague because the language, unnatural conduct contrary to the course of nature, left the prosecutor, judge, and trier of fact free to exercise their own common sense and good judgment with no guidance whatsoever. In this case, the language exceptional and extremely unusual hardship invites the IJ and the BIA to graph their own values on each case in order to determine the outcome. Therefore, the hardship provision is unconstitutionally vague on its face. Second, the hardship provision has been inconsistently applied by the BIA, rendering the statute unconstitutionally vague as applied to the Arianna family. I read the other day about that a radio talk show host named Rush Limbaugh was allowed to pay a $30,000 fine and go on probation for doing essentially the same thing that a man in Florida is serving 65 years in prison for. Same violation, both citizens. Would that render that drug statute vague and unenforceable? No, not if there was... Simply because of that inconsistent application? Not if there were legally fixed standards for them to follow in order to mandate that sentencing. But here, the standard is arbitrary. Since the statute was amended in 1999, the BIA has published three opinions that demonstrate the vagueness of the hardship provision. The Arianna family's circumstances in light of this precedent further demonstrates the provision's arbitrariness. In conclusion, this court should reverse the decision of the BIA for two reasons. First, the removal order impermissibly violates the fundamental rights of Mr. and Mrs. Arianna and their daughter, Naly. And second, the hardship provision in 8 U.S.C. 1229B is unconstitutionally vague on its face and is applied to the Arianna family. We'd like to reserve our remaining time for rebuttal. That's fine. You have about a minute and you'll have to choose between the two of you who rebuts. Okay. Thank you. You can't divide that. Okay. Thank you. Thank you. We'll hear from the government at this time. Ms. Smiley, how are you? Very well. May it please the Court, Joan Smiley from the Department of Justice here on behalf of the Attorney General. The removal order here in this case is grounded on the immigration judge's discretionary determination that petitioners fail to establish the requisite exceptional and extremely unusual hardship element for cancellation. As this Court is aware, the Act, as amended by the Real ID Act, precludes review of discretionary determinations beyond the constitutional claims or questions of law. This Court in Martinez-Rosas v. Gonzales stated that the claim must be colorable. It must have some possible validity. And characterizing a claim simply as constitutional or a due process violation doesn't change the legal character of that challenge. Here, as in Martinez-Rosas, that petitioners fail to establish the requisite hardship. As we've argued in our brief, the argument is simply an attempt to recast an abusive discretion argument into a constitutional one. No due process violation has been shown. The immigration judge assessed and decided the case on its own facts, as the Board has instructed in various decisions, including matter of Monreal, which is within the authorized range of the cancellation statute. Here, the judge considered all the factors, and those factors are set forth in the Cabrera-Alvarez v. Gonzales case, which Judge Graber authored. On page 117 of this record, the petitioner testified that they would take the children with them to Mexico if they were removed. It was very clearly stated. The petitioner's claim now that the cancellation statute is vague or violates the parental rights should be rejected as having no possible validity. As in Cabrera-Alvarez v. Gonzales, the agency's interpretation of the hardship standard, it was proper, notwithstanding the attempt to recharacterize the abusive discretion claim as a constitutional one. For those reasons, the parents, Judith and Enrique, as I understand it, they're other than their illegal entry, have committed no crime? I believe the male petitioner has a conviction for driving under the influence. That's in the record. Unless the Court has any further questions, the government would ask that the Board's decision be affirmed. I see no other questions. Thank you for your argument, counsel. Thank you. We'll hear rebuttal at this time. Thank you, Your Honors. I'd like to rebut the government's claim that there is no jurisdiction to hear this case. Specifically, under 8 U.S.C. 1252, Congress did state that this Court has jurisdiction to hear constitutional claims. The government brings up Martinez-Rosas, and in that case, this Court said that a claim would be heard if it was colorable. Colorable meaning that it has some possible validity. In this case, we have two colorable constitutional claims, which far exceed this minimal standard that was set by the Ninth Circuit, specifically the violation to the fundamental rights and the vagueness argument. Here, we're not asking the Court to reweigh the facts. We're not asking the Court to make a determination on whether the I.J. abused his discretion. We're asking the Court to make a strict scrutiny analysis and to find that there is a compelling interest here, that there's not a compelling interest here for the government to deport this family, and we're asking this Court to make a constitutional analysis, which was not done in the lower courts. Thank you. Thank you for your argument, counsel. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Hawkins, Graber, Paez